IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STACY ALBEA,<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 4:25-cv-4921 |
| | § | |
| RESORT LIFESTYLE COMMUNITES, INC..<br>d/b/a OAK PARK RETIREMENT RESORT,<br>Defendants. | §<br>§<br>§ | JURY DEMANDED |

PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Plaintiff Stacy Albea ("Plaintiff' or "Albea"), complains of Resort Lifestyle Communities, Inc. d/b/a Oak Park Retirement Resort ("Defendant" or "Oak Park") and for his causes of action would show the Court as follows:

## I. INTRODUCTION

1. This action seeks equitable relief, actual, compensatory and punitive damages, attorney's fees, expert witness fees, taxable costs of court, prejudgment and post-judgment interest for retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-3, and in violation of Chapter 21 of the Texas Labor Code committed against Plaintiff during his employment with Defendant.

2. Plaintiff demands a jury on all issues triable to a jury.

## II. PARTIES

3. Plaintiff Stacy Albea was a Texas resident at all times relevant to this suit.

4. Defendant Resort Lifestyle Communities, Inc. ("RLC") is a Nebraska corporation operating Oak Park Retirement Resort ("Oak Park") in Katy, Harris County, Texas. It is actively engaged in commerce or activities significantly affecting commerce in Texas. Oak Park Retirement Resort's registration to do business in Texas was forfeited pursuant to Section

171.309 of the Texas Tax Code on February 21, 2025, and RLC does not appear to have re-applied for permission to conduct business in the State of Texas directly or on behalf of Oak Park as required under Section 9.001 of the Texas Business Organizations Code. Accordingly, no registered agent for service has been found. The last registered agent for Oak Park Retirement Community, LLC was Breck Collingsworth, the current chief executive officer of RLC. RLC may be served through its Chief Executive Officer, Breck Collingsworth, at 7101 South 82nd Street, Lincoln, NE, 68516.

5. Defendant RLC is an employer as defined under 42 U.S.C. §2000e(b) and as defined under Texas Labor Code Sections 21.051, 21.055, 21.128, and all other applicable laws and statutes. Upon information and belief Defendant has employed more than 500 employees in 20 or more weeks of the current calendar year, and all years relevant to the claims asserted herein.

6. Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendants' officers, directors, vice-principals, agents, servants, or employees.

## III. JURISDICTION AND VENUE

7. This court has jurisdiction to hear this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

8. The Court has personal jurisdiction over Defendant since Defendant maintains regular business operations in Texas, regularly conducts business in the State of Texas, and has minimum contacts with the State of Texas.

9. Venue is proper in the Southern District of Texas, under 28 U.S.C. § 1391(b) since a substantial part of the events or omissions giving rise to this cause of action occurred in the Southern District of Texas.

## IV. PROCEDURAL REQUISITES

10. Plaintiff filed a Charge of Discrimination and Retaliation against Defendant with the U.S. Equal Employment Opportunity Commission ("EEOC") and concurrently with the Texas Workforce Commission ("TWC") pursuant to the inter-agency workshare agreement. The EEOC issued a right to sue letter on July 18, 2025. This Complaint is filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue letter.

11. All conditions precedent to filing this cause of action have been met.

## V. FACTS

12. Defendant RLC operates in excess of fifty retirement facilities throughout the United States, including Oak Park Retirement Resort in Katy, Texas, and at least three others in Texas. Oak Park was managed by a married couple, Nate and Jamie Neel for the entirety of Albea's employment, and still is. Albea began working for Defendant at the Katy facility in January 2022 as a maintenance technician and worked there until his termination on October 10, 2024.

13. Albea was in a dating relationship with another employee, Bailey Nicole Pyron ("Pyron"), who worked in Oak Park's kitchen. In March 2024, Pyron, complained of sexual harassment by her supervisor, Antwone Henderson, to Jamie Neel. Neel notified the male kitchen staff of the complaint, which resulted in retaliatory treatment of Pyron by the kitchen staff. Jamie Neel acknowledged that Pyron had gone to her office in tears, but dismissed Pyron's distress, stating she [Jamie Neel] "couldn't stop everything just because there is a crying girl in [my] office." In August 2024, after several more months with no relief from the behavior, Pyron

contacted Lisa Myers, RLC Human Resources Manager working in the Nebraska offices of RLC, regarding her complaints. Myers' investigation evidently consisted only of speaking with Jamie Neel, who denied Pyron's claims. Myers in turn informed Pyron that her complaints had no merit.

14. When RLC and Oak Park Management allowed the situation to continue, Albea attempted to assist Pyron. He attempted to provide additional information to the Neels regarding behavior he witnessed in relation to Pyron's complaints. He attempted to speak to the kitchen staff who were harassing and retaliating against Pyron. On October 9, 2025, Albea texted Nate Neel about the situation, complaining of the discriminatory and retaliatory treatment of Pyron. Neel explicitly told Albea, "You need to stay out of it as it's not your department or business as far as work is concerned." The following day, October 10, 2024, Nate and Jamie Neel called Albea into the office and fired him. Nate Neel stated that, "Because of everything that's gone on, and all the texts you sent to everybody, I have to let you go today." He continued, "I mean, this is the toughest sh— I've ever had to do is fire a friend. I don't know. I told you to stay out of it. I don't know why you didn't." Later in the same conversation, Albea stated "All I know is she's sitting here bawling and you are telling me it's not my business." Jamie Neel stated "It's not your business." Nate Neel added, "It's 100% not your business." Albea then pointed out that the employee handbook states that "if another employee is having issues, that it's -I'm just [as] at fault for not reporting it. For not doing something about it." Nate Neel responded, "Stacy, you have reported it. She has reported it. It was under active investigation – none of which is your business."

15. Albea had never been disciplined or reprimanded during his time with Oak Park. He had performed well and had no troubles at work prior to his termination. No other reason was given

for his termination than his involvement in the reports of sexual harassment and retaliation. The Neels explicitly told Albea that he was being fired for his involvement in attempting to assist Pyron in relation to her complaints of discrimination and retaliation.

## VI. CAUSE OF ACTION - RETALIATION

16. Each and every allegation contained in the foregoing paragraphs are re-alleged as if fully written herein.

17. Plaintiff opposed employment practices that violated 42 U.S.C. 2000e, et seq., and Texas Labor Code Chapter 21. He attempted to assist in addressing complaints related to those practices.

18. After Plaintiff complained about the discriminatory and retaliatory treatment against a co-worker, Plaintiff was terminated. He was told explicitly that he was being terminated because of his attempts to assist the co-worker in her complaints of discrimination and retaliation.

19. No other reason was provided to Plaintiff as a basis for his termination.

## VII. DAMAGES

20. As a result of Defendant's retaliation, Plaintiff has suffered loss of wages, bonuses and benefits, loss of opportunity and earning capacity, both in the past and in the future, as well as emotional pain, mental anguish, emotional and mental impairment and disability, suffering, inconvenience, and in all probability will continue to suffer in this regard in the future.

## VIII. ATTORNEYS' FEES

21. Plaintiff is entitled to recover attorney's fees and costs for bringing this action as allowed by the appropriate statutes.

## IX. JURY DEMAND

22. Plaintiff requests a trial by jury on all issues triable by a jury in this case.

## X. RELIEF REQUESTED

23. Plaintiff prays for the following relief:

a. For actual and liquidated damages for the period of time provided by law, including appropriate backpay and reimbursement for lost pension, insurance, and all other benefits;

b. For front pay;

c. For compensatory damages, punitive damages, and liquidated damages as allowed by law;

d. For attorneys' fees;

e. For expert witness fees incurred by Plaintiff in the preparation and prosecution of this action;

f. For pre-judgment and post-judgment interest as allowed by law;

g. For costs of court, costs of prosecuting Plaintiff's claim; and

h. For such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

*/s/ Jakki A. Hansen*

Jakki A. Hansen
ATTORNEY-IN-CHARGE
State Bar No. 24000886
SD TX No. 32213
THE HANSEN LAW FIRM, P.C.
10190 Katy Fwy, Ste 440
Houston, Texas 77043
Telephone: (281) 888-4364
*jhansen@hansenlawfirmpc.com*
.
ATTORNEY FOR STACY ALBEA